United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT DOUGLAS SERVIS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3197 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging a prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 9), with a copy of the disciplinary hearing and grievance records (Docket Entry No. 10). Petitioner filed a response (Docket Entry No. 14).

Having reviewed the motion, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Petitioner complains that he was found guilty of a disciplinary infraction for creating a disturbance. He was sanctioned with loss of recreation, commissary, and telephone access, cell restrictions, a reduction in line class status, and the forfeiture of thirty days good time

credit. His administrative appeals were denied. The parties do not dispute that petitioner is eligible for mandatory supervised release.

Petitioner challenges his disciplinary conviction and sanctions under the following claims:

1. Due process violations;

2. Unconstitutionality of blanket disciplinary charges and punishments;

3. Official oppression and abuse of authority; and

4. Unlawful acts and practices.

Respondent argues that these claims are without merit and are partially unexhausted and procedurally barred pursuant to 28 U.S.C. § 2254(b)(1).

### *Failure to Exhaust*

A Texas state inmate challenging a prison disciplinary conviction is required to exhaust all available administrative remedies before filing a habeas petition in federal court. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993). In order to satisfy the exhaustion requirement in context of a prison disciplinary proceeding, a prisoner must pursue the internal grievance procedures promulgated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"). TDCJ-CID currently has a two-step grievance procedure, and a prisoner must present his claims in both steps before they are exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Habeas relief may be denied, but not granted, on the

merits of unexhausted claims. 28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276–78 (5th Cir. 1999).

Petitioner argues that he exhausted his claims. In the alternative, he argues that prison regulations limiting the submission of grievances prevented full exhaustion of his claims. A review of petitioner's step 1 and step 2 grievances appealing his disciplinary conviction shows that he failed to present all of his claims in both of the grievances. Nevertheless, because petitioner's habeas claims have no merit, the Court will address the claims as they appear in petitioner's petition.

### *Analysis*

#### *Due Process Claims*

The parties agree that petitioner is eligible for mandatory supervised release. Thus, to the extent that petitioner lost good time credit as the result of his disciplinary conviction, his claims are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

Petitioner alleges numerous procedural due process violations in his habeas petition. Prison disciplinary proceedings do not form part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Id*. at 556. Prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id*. at 560–61. Due process in the context of disciplinary

proceedings requires that a prisoner be provided with: (1) advanced written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id*. at 563–67. In addition, there must be "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985). If these criteria are met, a prisoner cannot show that he was punished without due process.

The record confirms that petitioner was given advance notice of the charges and afforded a disciplinary hearing where he had an opportunity to be heard by making a statement on his own behalf and by presenting questions to the charging officer. (Docket Entry No. 10.) Although there is no right to counsel in the prison disciplinary context, counsel substitute was appointed to assist him with his disciplinary proceeding. *Id*. Petitioner does not claim that he received insufficient notice of the charges, that he was denied witnesses in his defense, or that he was denied a written statement of the reason for his conviction. No procedural due process violations are shown under *Wolff*. To the extent petitioner complains of violations of internal prison procedural regulations, these violations do not rise to the level of a denial of federal due process. Nor do petitioner's complaints as to the number of prisoners charged with similar disciplinary infractions from the incident constitute grounds for federal habeas relief.

Petitioner further contends that the DHO was biased against him because the DHO acted according to the warden's instructions and not the evidence. Petitioner's allegations are conclusory and unsupported in the record. The fact that petitioner and other inmates were found guilty of the same disciplinary infraction arising from the same incident does not constitute proof of bias, partiality, or official oppression. *See*, *e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Nor does such fact stand as evidence that the DHO was following instructions from his superiors in finding petitioner guilty. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case"). Moreover, petitioner's assertion that a small fraction of similar disciplinary convictions were overturned on administrative appeal, even if true, does not mandate reversal of petitioner's conviction here.

Federal habeas review of sufficiency challenges to a disciplinary conviction is limited. The Supreme Court in *Wolff* held that disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876–77 (5th Cir. 2001). It is well settled, however, that "federal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *see also Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). Federal habeas courts do not assess the weight of the evidence or determine

5

credibility when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the support of some facts or any evidence at all. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

To the extent petitioner challenges the evidence, his complaints are grounded in allegations of fabricated reports and unfair prosecution. The record shows that the DHO based his finding of guilt on the charging officer's statements and report, which is sufficient evidence to support petitioner's disciplinary conviction. Petitioner's conclusory assertions that the officer's report was fabricated and false do not constitute probative summary judgment evidence for purposes of this habeas proceeding. Because there is some evidence in the record to support the disciplinary conviction, the DHO's decision was not arbitrary or capricious.

Based on the record before this Court, petitioner does not demonstrate that his disciplinary conviction failed to meet the minimum amount of procedural due process required by law. As a result, petitioner does not establish that he was denied due process at his disciplinary proceeding or that he was deprived of good time credit in violation of his constitutional rights. Habeas relief is unwarranted, and respondent is entitled to summary judgment dismissal of petitioner's due process claims.

*Miscellaneous Claims*

Petitioner further claims that all inmates charged with creating a disturbance in the underlying incident were sanctioned with the same punishments; that investigation deadlines

were extended in violation of prison rules and regulations; that it is inconceivable that he would have ignored an officer's order, as he was "up for parole release" in three months; that the officer's report was controverted at another inmate's disciplinary hearing; that the disciplinary charges were used as a means for covering up prison incompetency; and that the underlying incident occurred because officers were not following prison procedures.

The majority of these issues and allegations are speculative, conclusory, and unsupported in the record. Moreover, they are not cognizable habeas grounds for setting aside petitioner's disciplinary conviction. Habeas relief is unwarranted, and respondent is entitled to summary judgment dismissal of these claims.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 9) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all other pending motions are DENIED AS MOOT.

Signed at Houston, Texas on September 30, 2016.

　　　　　　　　　　　　　　　　　　　Gray H. Miller
　　　　　　　　　　　　　　　　　　　United States District Judge